51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Robert H. HOPKINS, Jr.; Thomas A. Oliver; Robert C.
Bonner; William A. Lane; Blynn L. Shideler,
Defendants-Appellees.
 No. 94-10283.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 15, 1995.
Decided March 29, 1995.
 
 Before: CHOY, CANBY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Government appeals the district court's grant of the defendants' motions for new trial. It argues the district court incorrectly concluded pre-October 1984 conduct was inadmissible to prove violations of 18 U.S.C. Sec. 1344, which became effective on October 12, 1984.[1]
 
 
 3
 We agree with the Government that some pre-October 1984 evidence was admissible. The ex post facto clause does not render inadmissible evidence of acts occurring before the effective date of Sec. 1344 as direct evidence to prove the existence and purpose of a bank fraud scheme executed after the statute's effective date. See United States v. Campanale, 518 F.2d 352, 360 (9th Cir.1975) ("Evidence as to acts occurring prior to [the effective date] in support of the conspiracy charges was clearly proper as a matter of evidentiary law."), cert. denied, 423 U.S. 1050 (1976). Furthermore, the evidence could also be admissible pursuant to Fed.R.Evid. 404(b) as evidence of other crimes, wrongs, or acts to prove the specific intent to violate Sec. 1344.
 
 
 4
 However, despite our conclusion that some pre-October 1984 evidence was admissible, we hold that the district court did not err in granting the defendants' motions for new trial. Because the defendants were acquitted of conspiracy, the jury had to disregard a tremendous amount of pre-October 1984 evidence regarding the conspiracy charges. Although the district court frequently instructed jurors to ignore certain evidence, it still concluded that requiring the jury to disregard a large portion of evidence was unreasonable and unfair. The district court has broad power to make such determinations and to grant new trials. See United States v. Alston, 974 F.2d 1206, 1211 (9th Cir.1992) (limiting review to determining whether district court clearly and manifestly abused discretion). Thus, we defer to its conclusion that to expect the jury to ignore a large portion of evidence was unreasonable and prejudicial to the defendants.
 
 
 5
 Also, we decline to review the Government's challenge to the district court's statements regarding severability of the new trials. Section 3731 does not provide for an appeal by the Government from an order severing trials. See 18 U.S.C. Sec. 3731.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Government argues both that the district court held that pre-October 1984 evidence was inadmissible because it was time-barred by the statute of limitations and because it was barred by the statute's effective date. The Government misconstrues the district court's reasoning which is only premised on the effective date of the statute, not on the statute of limitations